Rodríguez Hermanos *v.* Martínez.

Appeal from the District Court of Humacao.

No. 86.—Decided March 30, 1906.

Procedure—Abandonment of Case—Cancellation.—When a case has been abandoned for more than four years the court will be justified in directing the cancellation of the notice of complaint made in the registry, and in adopting any other measures necessary to protect the rights of the defendant.

The facts are stated in the opinion.

*Mr. Benítez Castaño* for appellant.

*Mr. Méndez Vaz* for respondent.

Mr. Justice Wolf delivered the opinion of the court.

In the District Court of Humacao the appellees made application for the cancellation of a certain marginal note annotated in the register of property, of that city. The court below considered the application and made its decision as follows:

"The court thinks that this matter can be presented by means of a motion, because the party making the same does not ask for any decision or judgment. The present Code of Civil Procedure defines a motion as follows:

" 'Every direction of a court or judge made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion.'

"A decision of a court must always determine whether the matter should be presented to the attention of the court by motion or by complaint. The rights of the litigants are not considered here. Either party may present a motion requesting the court to dismiss a case as having been abandoned, in which case the court would decide by means of an order. This case is almost of the same nature, as it is alleged by the plaintiff that the case in question has been abandoned for a great number of years. The opposing party alleges

verbally that the case is pending the decision of another court. This court is not going to consider this verbal allegation, because it cannot go beyond the evidence introduced and the records on file in this court, but even if the case were pending the decision of another court, as is alleged, it would always be a different suit, and this being so, this court considers that the question before it may be decided by means of a motion.

"In regard to the case itself, the court understands that it has been without action since the year 1895, and according to the procedure then in force, from the time the suit was brought until a long time after it was abandoned, suits which were without action for more than four years were not only dismissed, but extinguished. So that, in accordance with the said procedure, after the expiration of four years since the last steps were taken in the case, the same was completely extinguished. During the four years the case was at a standstill, but as soon as the four years expired, it was extinguished entirely, and if it was desired to prosecute it, it was necessary to bring the suit anew.

"In accordance with the present procedure, and the rules and procedure in all of the courts, no suit which has been brought should be delayed for an indefinite time. The idea is that when a person brings a suit he must prosecute it to the end, and if he does not do so through indifference or neglect, it terminates.

"In this case a complaint was filed seeking the annulment of certain inscriptions and contracts. Neither this court nor the former court have any knowledge of the equity nor of the rights which may exist in the complaint, because the trial was never had, but on account of the suit having been abandoned for more than four years it is completely extinguished.

"The record entered in the register of property was made pending the decision of the court. If the suit had been dismissed by an order of the court, it would have been necessary to cancel the record, but the suit having died, or having become extinguished, there is no reason why the record entered should continue. The court understands that there is an article in the Mortgage Law which cannot be found at this time, but it says that when a suit is terminated the records entered will be canceled, and in this case, it is only necessary to present to the registrar of property the order 66, the court dismissing the case.

"Therefore, for the reasons set forth the court declares that the motion is sustained, and orders that the entry made in the register of property of this city, in case it exists, be cancelled.

"Given in Humacao under my signature, on the 31st day of the month of July, 1905.—J. A. Erwin, judge of the district of Humacao. I certify: Enrique Rincón, secretary."

The case was heard in this court on appeal on the 2d day of February, 1906, argued by the attorney for the appellee, no one appearing for the appellant.

The attorney for the appellant makes the point in his brief that the court erred because the case was not regularly calendared, but we know of no reason why such a course was necessary. As to his other point, namely, that it was not shown that the case had been abandoned, the record and opinion of the court sufficiently show the contrary.

Section 410 of the old Code of Civil Procedure was a justification for considering the case at an end, and where a case had been abandoned for such a length of time we think there was ample authority in the court below to take any steps that would protect the interests of the defendants.

We find no error in the action taken by the court below, and its judgment must be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras, and MacLeary concurred.